## Miller vs. Wood, Ex.

To a suit upon a note the defendant pleaded, that the consideration of the note was an agreement, signed and sealed, by the plaintiff and her testator, to sell to the defendant their possession as occupants of certain lands, and deliver possession by a certain day, and alleging that possession had not been delivered, and so the consideration had failed: *Held*, that the plea contained proper subject matter of defence.

*Appeal from the Circuit Court of Greene County.*

Hon. Mark W. Alexander, Circuit Judge.

Garland & Randolph, for the appellant.

Mr. Justice Fairchild delivered the opinion of the court.

Mary Wood, executrix of Coleman Wood, sued by petition and summons on a note, of which the following is a copy:

"By the first of October next, I promise to pay Coleman Wood three hundred and fifty dollars for his improvement. Given under my hand and seal this 11th of December, 1856.

G. W. MILLER."

Miller interposed this plea: "And the said defendant, by his attorney, comes to defend the wrong and injury when, etc., and

says, *actio non*, because he says that, on the 11th December, 1856, the said Coleman Wood, who was then in full life, and the said Mary Wood, who was then the wife of said Coleman Wood entered into an agreement with this defendant, and under their respective seals to the following effect: ' Articles of agreement made and entered into between Coleman Wood and Mary Wood of the first part, and G. W. Miller of the second part, the consideration is, that the said parties of the first part has this day sold unto said Miller their possession as an occupant on the south-west and north-west quarters of section two, township seventeen, and range 5 east, with all the improvements thereon, said Miller agrees to pay said Wood four hundred dollars for it, fifty dollars down, and three hundred and fifty dollars the first of October next, and the parties of the first part agrees to give possession the first of October next, in as good pare as it is now in, with the exception of decay. Given under our hands and seals this the 11th of December, 1856. Coleman Wood, (seal,) Mary $\bowtie$ Wood, (seal:)

                                                     her

                                                    mark.

Attest, J. C. Nott.' And said defendant avers that in consideration of which agreement, and in compliance therewith, on his part, this defendant executed the said note in the said declaration mentioned, and for no other consideration whatever, and said defendant avers that the said Coleman Wood and Mary Wood did not, on the first of October next after the date of said agreement, nor at any time before or after, in the lifetime of said Coleman Wood, give possession of said improvement to said defendant, nor did any one do so for—nor has the said Mary Wood, either in her capacity as executrix as aforesaid, or individually, done so, after the death of said Coleman Wood, nor has any one done so for her. And so the said defendant says that the consideration of, and for which said note was given, has wholly failed."

To this plea issue was joined, and the case was submitted to the court sitting as a jury.

On the trial, the defendant proved the execution of the agreement set forth in the plea, and proposed to read it as evidence,

which the court refused, on objection of the plaintiff. The defendant also offered to prove what was the consideration of the note sued on, and to ask the witness if the purchase of the occupation of the land had failed, or the contrary, and if the contract for which the note was given had been carried out by Coleman Wood, or by the plaintiff since his death, and if they had ever delivered possession of the improvement, or given its occupancy to the defendant; all of which questions the court would not allow to be answered by the witness, or to be made to him. The defendant excepted, and after judgment against him moved for a new trial for these rulings of the court.

The plea contained proper subject matter of defence to the note, and when issue was taken to it, the agreement and the failure of Coleman Wood and the plaintiff to fulfill its terms, should have been received in evidence.

For the erroneous ruling of the court in excluding the evidence offered by the defendant, the court should have granted a new trial, which the defendant claimed for the error of the court. Let the judgment be reversed, and the case sent back with instructions to the circuit court to allow the defendant a new trial.